1  Guy Ruttenberg, Bar No. 207937
   guy@ruttenbergiplaw.com
2  RUTTENBERG IP LAW,
   A PROFESSIONAL CORPORATION
3  1801 Century Park East, Suite 1920
   Los Angeles, CA 90067
4  Telephone: (310) 627-2270
5
6  Steve Papazian, Bar No. 288097
   steve@papazianiplaw.com
7  PAPAZIAN IP LAW, APC
   325 N. Larchmont Blvd, Suite 172
8  Los Angeles, CA 90004
   Telephone: (562) 522-4086
9
10 *Attorneys for Plaintiff Cadence Design Systems, Inc.*

11 **UNITED STATES DISTRICT COURT**

12 **FOR THE NORTHERN DISTRICT OF CALIFORNIA**

13

| | |
|---|---|
| CADENCE DESIGN SYSTEMS, INC., *a Delaware Corporation*, | Case No. 5:24-cv-7031 |
| Plaintiff, | **COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES FOR:** |
| v. | 1. **COPYRIGHT INFRINGEMENT;** |
| INTELLIGENT AUTOMATION (ZHUHAI) CO., LTD., *a Chinese limited liability company*, | 2. **CIRCUMVENTION OF COPYRIGHT PROTECTION SYSTEMS;** |
| Defendant. | 3. **BREACH OF CONTRACT** |
| | **DEMAND FOR JURY TRIAL** |

For its Complaint, Plaintiff Cadence Design Systems, Inc. ("Cadence") alleges against Defendant Intelligent Automation (Zhuhai) Co., Ltd. as follows:

1. This is an action for copyright infringement, circumvention of copyright protection systems, and breach of contract.

## PARTIES

2. Plaintiff Cadence is a Delaware corporation with its principal place of business at 2655 Seely Avenue, San Jose, California 95134.

3. Defendant Intelligent Automation (Zhuhai) Co., Ltd. ("CYGIA") is a company organized and existing under the laws of the People's Republic of China with its principal place of business at 3rd Road, Xinqing Science & Technology Industrial Park, Doumen District, Zhuhai, China.

## JURISDICTION

4. This Court has subject matter jurisdiction pursuant to 17 U.S.C. § 501, *et seq.* (copyright infringement), 17 U.S.C. §1201, *et seq.* (circumvention of copyright protection systems under the Digital Millennium Copyright Act), 28 U.S.C. §§ 1331 (federal question jurisdiction) and 1338(a) (copyrights), and 28 U.S.C. § 1332 (diversity jurisdiction). The Court also has supplemental jurisdiction over Count III below, pursuant to 28 U.S.C. §1367(a).

5. For purposes of 28 U.S.C. § 1332, the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs. As alleged herein, CYGIA has stolen tens of millions of dollars of Cadence Software.

6. This Court has personal jurisdiction over CYGIA as it has contractually agreed to submit to the jurisdiction in federal and state courts in California.

7. For example, CYGIA consented to the terms of the clickwrap agreements (Exhibits 1 through 8 attached hereto) when it installed pirated Cadence Software. All relevant clickwrap agreements contain the same provision under which CYGIA consented to personal jurisdiction in this forum:

> 27. GOVERNING LAW. You agree to submit to exclusive jurisdiction in the federal and state courts of California, U.S.A. in the event of a dispute. This

> Agreement will be governed by the procedural and substantive laws of the State of California, U.S.A., without regards to its conflicts of laws principles. The invalidity or unenforceability of any provision hereof shall in no way affect the validity or enforceability of any other provision. This Agreement is prepared and executed and shall be interpreted in the English language only, and no translation of the Agreement into another language shall have any effect. The parties agree that the United Nations Convention on Contracts for the International Sale of Goods (1980) is specifically excluded from and shall not apply to this Agreement.

8. On information and belief, agents with authority to bind CYGIA approved and/or ratified the use of Cadence Software, including the agreement to submit to jurisdiction in California.

9. On information and belief, CYGIA has also ratified its agents' consent to jurisdiction in this forum, including by continuing to use unauthorized versions of Cadence Software after Cadence provided notice of such use to CYGIA.

10. CYGIA is also subject to general jurisdiction in California.

11. Intelligent Automation Technology, Inc. ("IAT") is a California corporation with its principal address at 1678 Langport Drive, Sunnyvale, CA 94087.

12. IAT is a wholly-owned subsidiary of CYGIA.

13. On its website, www.cygia.com, CYGIA refers to IAT as its "US Branch," listing an address at 1040 Di Giulio Avenue, Ste. 120, Santa Clara, CA 95050, USA, an address that IAT previously disclosed to the California Secretary of State as its "principal address" as recently as November 2023.

14. IAT is a California-based agent and general manager of CYGIA of sufficient character and rank such that, if it received service of process on CYGIA's behalf, it would be reasonably certain that CYGIA would be apprised of the service made. IAT, its employees, and its other agents are in regular communication with CYGIA.

15. On information and belief, IAT regularly communicates and interfaces with CYGIA's customers on CYGIA's behalf, provides a channel for the regular flow of business into California, and otherwise gives CYGIA substantially the business advantages that CYGIA would have enjoyed if it conducted business through its own offices or directly paid agents in California.

16. For example, CYGIA states on its website (http://www.cygia.com/en/content/category/7) that IAT was set up to service CYGIA's customers in

the United States: "Customers are all over the world. In order to respond to customer's requirements faster and better, CYGIA has established branches in Shenzhen, Suzhou, Chengdu and Wuhan, and has *set up offices in the United States*, Japan, Brazil, and the Philippines."

17. Wai Wai (Warren) Cheah is a "Director, Business Operation" for IAT based in Sunnyvale, California and Penang, Malaysia. On his LinkedIn profile, Mr. Cheah states that he "oversee[s] all Capex sales and project delivery activities for key US customers such as Google, Facebook, Tesla and Amazon." Likewise, Mr. Cheah states that he negotiates Hardware Supply Agreements and Service Level Agreements with "key customers." On information and belief, these "key US customers" and "key customers" are customers of CYGIA.

18. Mr. Cheah further states that he "[p]rovide[s] purchasing and import/export documentation support to and from China factory." On information and belief, Mr. Cheah refers to CYGIA as "China factory" in his LinkedIn profile.

19. CYGIA manages human resources for IAT, including the hiring of IAT's personnel.

20. For example, on its website, CYGIA has a job posting for a mechanical engineer to work at a "worksite" in Sunnyvale, California. This mechanical engineer position is posted for IAT and directs interested applicants to contact the "HR Dept," listing two individuals with Chinese phone numbers.

21. CYGIA's California subsidiary, IAT, performs a function that is compatible with, and assists CYGIA in the pursuit of CYGIA's own business.

22. Likewise, IAT was established to conduct and engaged in activities that, but for the existence of IAT, CYGIA would have to undertake itself.

23. For example, as alleged in paragraphs 17-18, IAT's employees oversee "all Capex sales and project delivery activities for key US customers."

24. Both IAT and CYGIA conduct business under the name "CYGIA."

25. Likewise, IAT is nothing more than an incorporated department of CYGIA. For example, CYGIA refers to IAT as its "US branch."

26. CYGIA is also subject to specific jurisdiction in California based on its contacts with this forum.

27. CYGIA committed an intentional act directed to this forum.

28. For example, CYGIA downloaded, copied, and/or used "cracked" versions of Cadence Software.

29. CYGIA's misconduct and/or infringement was also expressly aimed at this forum.

30. For example, CYGIA is and was aware that Cadence is located in California, including because Cadence specifically informed it of this fact in pre-suit correspondence to CYGIA.

31. CYGIA continued willfully using Cadence's software without authorization after receiving Cadence's pre-suit correspondence.

32. On information and belief, CYGIA also regularly conducts business in California and purposefully avails itself of the privilege of conducting activities in this forum.

33. On information and belief, CYGIA has various business relationships with citizens of this forum and has used Cadence Software without authorization in this District.

34. For example, on information and belief, CYGIA operates a computer domain named "intelligent.cn" to which its employees and other agents connect their company-issued computers.

35. Cadence has detected at least six different computers that have connected to CYGIA's intelligent.cn computer domain while using pirated Cadence Software on IP addresses associated with a market leading technology company in this District in California.

36. On information and belief, CYGIA is a supplier to the aforementioned market leading technology company in this District in California.

37. Further, employees of CYGIA based in Zhuhai, China publicly claim to perform work for the same market leading technology company located in this District in California, as well as others such as Google, Facebook, and Amazon.

38. CYGIA's contacts with California are stronger than their contacts with any other state or jurisdiction in the United States.

39. Exercising personal jurisdiction over CYGIA in connection with the claims asserted here is consistent with the United States Constitution and laws.

**VENUE**

40. Venue is proper in this District pursuant to the terms of the Software License and Maintenance Agreements, attached hereto as Exhibits 1 and 8. Venue is also proper in this District pursuant to 28 U.S.C. § 1400(a) because CYGIA may be found in this District. Venue is also proper in this District pursuant to 28 U.S.C. § 1391(b), (c), and (d) because CYGIA is subject to personal jurisdiction in this District.

**INTRADISTRICT ASSIGNMENT**

41. This is an intellectual property action subject to district-wide assignment pursuant to Civil L.R. 3-2(c).

**GENERAL ALLEGATIONS**

42. Cadence is a worldwide leader in Electronic Design Automation ("EDA") software and engineering services, as well as semiconductor intellectual property. Cadence's custom and analog tools help engineers design the transistors, standard cells, and IP blocks that make up systems on chips. Cadence's offerings also allow engineers to design integrated circuits and printed circuit boards, and test and simulate their designs to verify the builds of their circuits.

43. Cadence's design platforms include Allegro, OrCAD, PSpice, Sigrity, Clarity 3D Solver, and other related software and tools (collectively, the "Cadence Software"). Since its founding, Cadence has expended considerable resources further developing and refining this technology to remain at the forefront of the EDA industry.

44. Cadence licenses these products throughout the United States, Europe, Asia and other parts of the world.

**CADENCE'S COPYRIGHTED WORKS**

45. On information and belief, CYGIA has used at least the following Cadence Software without authorization:

    Allegro 16.5
    Allegro 16.6
    Allegro 17.2
    Allegro 17.4
    Clarity 3D Solver 2019
    OrCad 16.5

OrCad 16.6
OrCad 17.2
PSPICE 17.2
PSPICE 17.4
Sigrity 2016
Sigrity 2017
Sigrity 2019

46. Cadence owns a valid Copyrighted Work, entitled Cadence PCB Systems Division Version 15.0, which was duly registered with the United States Copyright Office as Copyright Registration No. TX 7-264-496 (the "'496 Registration"). A true and correct copy of the '496 Registration is attached hereto as Exhibit 9.

47. Cadence owns a valid Copyrighted Work, entitled Allegro 16.5, which was duly registered with the United States Copyright Office as Copyright Registration No. TX 7-751-386 (the "'386 Registration"). A true and correct copy of the '386 Registration is attached hereto as Exhibit 10.

48. Cadence owns a valid Copyrighted Work, entitled Allegro PCB 16.6, which was duly registered with the United States Copyright Office as Copyright Registration No. TX 8-323-840 (the "'840 Registration"). A true and correct copy of the '840 Registration is attached hereto as Exhibit 11.

49. Cadence owns a valid Copyrighted Work, entitled Allegro PCB 17.2, which was duly registered with the United States Copyright Office as Copyright Registration No. TX 8-322-031 (the "'031 Registration"). A true and correct copy of the '031 Registration is attached hereto as Exhibit 12.

50. Cadence owns a valid Copyrighted Work, entitled Allegro PCB 17.4, which was duly registered with the United States Copyright Office as Copyright Registration No. TX 8-905-132 (the "'132 Registration"). A true and correct copy of the '132 Registration is attached hereto as Exhibit 13.

51. Cadence owns a valid Copyrighted Work, entitled OrCAD 16.5, which was duly registered with the United States Copyright Office as Copyright Registration No. TX 8-320-016 (the "'016 Registration"). A true and correct copy of the '016 Registration is attached hereto as Exhibit 14.

52. Cadence owns a valid Copyrighted Work, entitled OrCAD 16.6, which was duly registered with the United States Copyright Office as Copyright Registration No. TX 8-320-041 (the "'041 Registration"). A true and correct copy of the '041 Registration is attached hereto as Exhibit 15.

1   53.   Cadence owns a valid Copyrighted Work, entitled OrCAD 17.2, which was duly registered with the United States Copyright Office as Copyright Registration No. TX 8-320-040 (the "'040 Registration"). A true and correct copy of the '040 Registration is attached hereto as Exhibit 16.

54.   Cadence owns a valid Copyrighted Work, entitled PSPICE 16.5, which was duly registered with the United States Copyright Office as Copyright Registration No. TX 8-320-014 (the "'014 Registration"). A true and correct copy of the '014 Registration is attached hereto as Exhibit 17.

55.   Cadence owns a valid Copyrighted Work, entitled PSPICE 16.6, which was duly registered with the United States Copyright Office as Copyright Registration No. TX 8-320-008 (the "'008 Registration"). A true and correct copy of the '008 Registration is attached hereto as Exhibit 18.

56.   Cadence owns a valid Copyrighted Work, entitled PSPICE 17.2, which was duly registered with the United States Copyright Office as Copyright Registration No. TX 8-319-984 (the "'984 Registration"). A true and correct copy of the '984 Registration is attached hereto as Exhibit 19.

57.   Cadence owns a valid Copyrighted Work, entitled PSpice 17.4, which was duly registered with the United States Copyright Office as Copyright Registration No. TX 9-199-313 (the "'313 Registration"). A true and correct copy of the '313 Registration is attached hereto as Exhibit 20.

58.   Cadence owns a valid Copyrighted Work, entitled Sigrity 2015, which was duly registered with the United States Copyright Office as Copyright Registration No. TX 8-322-028 (the "'028 Registration"). A true and correct copy of the '028 Registration is attached hereto as Exhibit 21.

59.   Cadence owns a valid Copyrighted Work, entitled Sigrity 2016, which was duly registered with the United States Copyright Office as Copyright Registration No. TX 8-264-236 (the "'236 Registration"). A true and correct copy of the '236 Registration is attached hereto as Exhibit 22.

60.   Cadence owns a valid Copyrighted Work, entitled Sigrity 2017, which was duly registered with the United States Copyright Office as Copyright Registration No. TX 8-320-010 (the "'010 Registration"). A true and correct copy of the '010 Registration is attached hereto as Exhibit 23.

61.   Cadence owns a valid Copyrighted Work, entitled Sigrity 2019, which was duly registered with the United States Copyright Office as Copyright Registration No. TX 9-049-823 (the "'823 Registration"). A true and correct copy of the '823 Registration is attached hereto as Exhibit 24.

62. Cadence owns a valid Copyrighted Work, entitled Clarity 3D Solver 2019, which was duly registered with the United States Copyright Office as Copyright Registration No. TX 8-905-132 (the "'132 Registration"). A true and correct copy of the '132 Registration is attached hereto as Exhibit 25.

**CYGIA'S INFRINGEMENT AND UNAUTHORIZED USE OF CADENCE SOFTWARE**

63. To protect its software and intellectual property against any unauthorized use, Cadence has made significant investments in technological measures and anti-piracy tools designed to track unauthorized use.

64. Cadence employs compliance monitoring measures that transmit data to Cadence whenever they detect unauthorized alterations or uses of Cadence Software, such as when a user inputs a counterfeit license file.

65. Through use of its compliance monitoring measures, Cadence has detected that CYGIA has repeatedly obtained, copied, reproduced, distributed, and used Cadence Software without authorization from Cadence.

66. Cadence has identified at least 395,000 uses by CYGIA on at least 443 machines that have used Cadence Software without a valid license. Attached to this Complaint as Exhibit 26 is a list of detected computers (including computer hostnames, MAC addresses, and domains) that have used Cadence Software without a valid license.

67. The information these machines transmitted to Cadence indicates that CYIGA's devices and accounts contained unauthorized versions of Cadence Software.

68. For example, the domains "intelligent.cn," "szintelligent.local," and "intelligentgroup.cn" are linked to the machines bypassing technological measures in the Cadence Software.

69. On information and belief, the domain "intelligent.cn" belongs to and/or is otherwise associated with CYGIA.

70. On information and belief, the domain "szintelligent.local" belongs to and/or is otherwise associated with CYGIA.

8     5:24-cv-7031
COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

71. On information and belief, the domain "intelligentgroup.cn" belongs to and/or is otherwise associated with CYGIA.

72. Further, email addresses ending with the domains "@cygia.com" and "@intelligentgroup.cn" are also linked to the machines bypassing technological measures in Cadence Software.

73. On information and belief, CYGIA owns, controls, and/or uses the email domain @cygia.com

74. On information and belief, CYGIA owns, controls, and/or uses the email domain @intelligentgroup.cn.

75. Computers associated with the domain "intelligent.cn" have used, accessed, and/or copied "cracked" Cadence Software at multiple IP addresses in California, including without limitation 144.178.28.129, 144.178.28.130, 144.178.28.131, 144.178.28.132, 144.178.28.133, and 144.178.28.141.

76. Public records indicate that the IP addresses in paragraph 75 are assigned to a market leading technology company in California with whom CYGIA maintains a commercial relationship.

77. CYGIA has also used "cracked" Cadence Software at IP addresses in various other locations, including Zhuhai, Guangdong, China, on a WiFi network named "Intelligent."

78. Further, CYGIA publicly touts its use of Cadence Software—such as Allegro PCB Design—despite not having a license to do so.

79. The image below is a true and correct reproduction of a portion of CYGIA's website entitled, "Electronic Design", which is available at www.cygia.com/en/content/category/34:

**ELECTRONIC DESIGN**

To reduce PCB Layout errors, we have the excellent technology of electronic design and adopt collaborative design. To replace the expensive equipment, we developed a variety of functional boards, stable performance, widely used in our various types of equipment, reducing equipment footprint and user costs.

Allegro PCB Design

PCB layout — Altium Designer 14 — ECAD-MCAD

SIEMENS Teamcenter PDM — 用友 U8+ v11.1 精细管理 敏捷经营 ERP

## COUNT I

(Copyright Infringement under 17 U.S.C. § 501)

80. Cadence incorporates and realleges by reference the foregoing paragraphs as if set forth in full herein.

81. Cadence is the owner of various valid copyrighted works, including those registered under the '496 Registration, '386 Registration, '840 Registration, '031 Registration, '132 Registration, '016 Registration, '041 Registration, '040 Registration, '014 Registration, '008 Registration, '984 Registration, '313 Registration, '028 Registration, '236 Registration, '010 Registration, '823 Registration, and '132 Registration.

82. Cadence has complied with all statutory formalities required by the Copyright Act to maintain the validity of its copyrights in its copyrighted works, including as reflected in its copyright registrations attached as Exhibits 9 through 25.

83. On multiple occasions CYGIA has downloaded, installed, modified, used, and/or otherwise copied Cadence Software without permission or authorization from Cadence, including copies of at least one of Cadence's Copyrighted Works registered under the '496 Registration, '386

Registration, '840 Registration, '031 Registration, '132 Registration, '016 Registration, '041 Registration, '040 Registration, '014 Registration, '008 Registration, '984 Registration, '313 Registration, '028 Registration, '236 Registration, '010 Registration, '823 Registration, and '132 Registration.

84. CYGIA's unauthorized use and/or duplication of Cadence's copyrighted software constitutes direct and contributory copyright infringement under 17 U.S.C. § 501.

85. CYGIA is also liable for vicarious infringement.

86. The individuals who downloaded, modified, used, and/or otherwise copied and installed Cadence Software without permission or authorization from Cadence are subject to the control of CYGIA, and CYGIA directly benefits from their direct infringement.

87. On information and belief, CYGIA directly benefits from their infringing activity by, *inter alia*, using Cadence Software to offer services to their clients without paying license fees to Cadence.

88. CYGIA's actions in violation of the Copyright Act have been knowing and willful.

89. For example, CYGIA has continued its unauthorized use of Cadence Software after Cadence first provided notice of their infringement.

90. CYGIA's conduct is causing, and is likely to continue to cause, irreparable harm to Cadence and its customers, and CYGIA's unlawful conduct will continue to cause such irreparable injury unless CYGIA is enjoined by this Court.  Cadence has no adequate remedy at law.  Cadence is entitled to preliminary and permanent injunctive relief pursuant to 17 U.S.C. § 502.

91. As a result of CYGIA's wrongful actions, Cadence has suffered damages in an amount to be proven at trial, including at least $34 million dollars in unpaid licenses.  CYGIA has also profited through its wrongful actions.  Cadence is entitled to its actual damages and CYGIA's profits or, alternatively, statutory damages, as well as its costs, attorneys' fees and interest.

### COUNT II
(Circumvention of Copyright Protection Systems under 17 U.S.C. § 1201)

92. Cadence incorporates and realleges by reference the foregoing paragraphs as if set forth in full herein.

93. As part of Cadence's access control measures, a user must install the Cadence License Manager before installing Cadence Software.

94. The Cadence License Manager and Cadence Software employ technological mechanisms that effectively control access to Cadence's copyrighted works, including those referenced in paragraphs 45 through 62.

95. When using the Cadence Software on a single computer, the user must install the License Manager directly on that computer. If the user intends to use a network license to use Cadence Software on multiple computers on a network, the user must install the License Manager on a server accessible over the network.

96. After the License Manager has been installed, the program prompts a user to specify the location of a Cadence license file. In this context, a license file is a data file that indicates to the License Manager how many licenses are available for use at the client machines, and which Cadence Software and additional functionality the user is permitted to use.

97. In a legitimate use case, upon the purchase of Cadence Software a license file is issued to that purchaser through Cadence's systems based on the HOSTID and/or MAC address corresponding to the computer on which the license file will reside.

98. CYGIA has circumvented Cadence's access control measures by, *inter alia*, using cracked versions of Cadence Software and the Cadence License Manager with pirated license files.

99. On information and belief, CYGIA has modified the Cadence License Manager and/or Cadence Software and/or knowingly used copies of Cadence Software that had been tampered and or "cracked" to circumvent Cadence's License Manager and other access control mechanisms at IP addresses located in California and elsewhere.

100. CYGIA has made these modifications to the Cadence License Manager and/or Cadence Software, and/or knowingly used copies of Cadence Software or Cadence's License Manager that had been tampered or "cracked," in order to bypass the required entry and/or use of a valid license file and to circumvent the technological measures controlling access to Cadence Software, enabling CYGIA to bypass Cadence's security access mechanisms and copyright protections in the Cadence Software in violation of 17 U.S.C. § 1201(a)(1).

101. Cadence's license file provision system operates in this District.

102. On information and belief, CYGIA's actions have been and continue to be willful.

103. On information and belief, CYGIA also materially contributes to the circumvention of the technological measures by obtaining, downloading, and copying unauthorized versions of the Cadence License Manager and/or Cadence Software from websites and internet service providers known to traffic in illegal content, and are therefore also contributorily liable for the circumvention of Cadence's technological measures.

104. CYGIA is also vicariously liable for circumvention of Cadence's technological measures.

105. The individuals who circumvented Cadence's copyright protection mechanisms are subject to the control of CYGIA and CYGIA directly benefits from their circumvention infringement.

106. On information and belief, CYGIA directly benefits from this circumvention by, *inter alia*, using Cadence Software to offer services to its clients without paying license fees to Cadence.

107. CYGIA's conduct is causing, and is likely to continue to cause, irreparable harm to Cadence and its customers, and CYGIA's unlawful conduct will continue to cause such irreparable injury unless CYGIA is enjoined by this Court. Cadence has no adequate remedy at law. Cadence is entitled to preliminary and permanent injunctive relief pursuant to 17 U.S.C. § 1203.

108. As a result of CYGIA's wrongful actions, Cadence has suffered damages in an amount to be proven at trial. Cadence is entitled to its actual damages and CYGIA's profits or, alternatively, statutory damages in an amount up to $2500 per act of circumvention, device, product, component, offer, or performance of service, as well as its costs, attorneys' fees and interest.

## COUNT III

(Breach of Contract)

109. Cadence incorporates and realleges by reference the foregoing paragraphs as if set forth in full herein.

110. Cadence and CYGIA are parties to binding, enforceable and subsisting agreements, which are supported by adequate consideration.

111. Attached hereto as Exhibits 1 through 8 are true and correct copies of Software License and Maintenance Agreements ("SLMAs") that have been used in connection with the Cadence software programs installed and used by CYGIA.

112. The SLMA attached as Exhibit 1, which pertains to versions of Cadence Software known as Allegro 16.5 and OrCAD 16.5 states, in part:

> THIS SOFTWARE LICENSE AND MAINTENANCE AGREEMENT ("AGREEMENT") IS A LEGAL DOCUMENT BETWEEN YOU AND CADENCE DESIGN SYSTEMS, INC. ("CADENCE"). PLEASE READ THIS AGREEMENT CAREFULLY BEFORE INSTALLING YOUR CADENCE SOFTWARE ("SOFTWARE"). BY USING THE SOFTWARE, YOU (EITHER AN INDIVIDUAL OR A BUSINESS ENTITY) AGREE TO BE BOUND BY THE TERMS OF THIS AGREEMENT. IF YOU DO NOT WANT TO BE BOUND BY THE TERMS OF THIS AGREEMENT, CADENCE IS UNWILLING TO LICENSE THE SOFTWARE TO YOU, IN WHICH EVENT YOU MUST PROMPTLY RETURN THE SOFTWARE AND ALL ACCOMPANYING ITEMS (INCLUDING MANUALS, BINDERS OR OTHER CONTAINERS, AND ANY OTHER PRINTED MATERIALS) WITHIN 30 DAYS. BY CLICKING YES DURING THE INSTALLATION AND BY USING THE SOFTWARE, OR PURCHASING MAINTENANCE SERVICES, YOU ACKNOWLEDGE THAT YOU HAVE READ THE AGREEMENT AND ACCEPT ITS TERMS . . .

113. Exhibit 2 is an SLMA used with the following versions of Cadence Software: Allegro 16.6 and OrCAD 16.6.

114. Exhibit 3 is an SLMA used with the following versions of Cadence Software: Allegro 17.2, OrCAD 17.2, and PSpice 17.2.

115. Exhibit 4 is an SLMA used with the following versions of Cadence Software: Allegro 17.4 and PSpice 17.4.

116. Exhibit 5 is an SLMA used with the following versions of Cadence Software: Sigrity 2016.

117. Exhibit 6 is an SLMA used with the following versions of Cadence Software: Sigrity 2017 and Sigrity 2018.

118. Exhibit 7 is an SLMA used with the following versions of Cadence Software: Sigrity 2019.

119. Exhibit 8 is an SLMA used with the following versions of Cadence Software: Clarity 3D Solver 2019.

120. CYGIA was presented with the terms of Software License and Maintenance Agreements ("SLMAs") attached hereto as Exhibits 1 through 8 when it installed pirated Cadence software on their computers.

121. The following image depicts how the SLMA attached hereto as Exhibit 3 was presented to CYGIA during its installation of pirated Cadence software on its computers:



122. The SLMAs attached hereto as Exhibits 1-2 and 4-8 were presented to CYGIA in substantially the same way as set forth in paragraph 121.

123. CYGIA assented to the terms of the SLMAs attached hereto as Exhibits 1 through 8 by selecting "I accept the terms of the license agreement" and clicking "Next" during the installation of Cadence Software.

124. On information and belief, the individuals who consented to the terms of the SLMAs attached as Exhibits 1 through 8 are agents with authority to bind CYGIA, including with authority to bind each Defendant.

125. Several machines on which unauthorized versions of Cadence Software were used are associated with the Username "Administrator" or "Admin."

126. The use of "cracked" Cadence Software by CYGIA is widespread, involving at least 443 computers that used pirated versions of Cadence Software.

127. On information and belief, such widespread software piracy is unlikely to occur without the approval of management.

128. CYGIA specifically recruits and hires engineers who are experienced in the use of Cadence Software.

129. CYGIA also ratified the above-referenced conduct.

130. For example, the individuals who copied, shared, and/or used "cracked" Cadence Software purported to act on behalf of CYGIA by downloading this software on CYGIA's corporate machines.

131. Before filing suit, Cadence informed CYGIA of their unauthorized use of Cadence Software.

132. CYGIA approved of the conduct of the individuals who copied, shared, and/or used "cracked" Cadence Software, including by failing to curb their software piracy and continued use of Cadence Software even though CYGIA does not have a valid license to use Cadence Software.

133. CYGIA also approved of the conduct of the individuals who copied, shared, and/or used "cracked" Cadence Software by voluntarily keeping the benefits of the conduct of the individuals who copied, shared, and/or used "cracked" Cadence Software, including by continuing to use Cadence Software after CYGIA had notice of its unauthorized use and continued use of the software to gain fees and compensation from CYGIA's clients.

134. Cadence substantially performed its obligations that are conditions precedent (if any) under the SLMAs attached as Exhibits 1 through 8 and any nonperformance was excused.

135. Under Section 3 of the SLMAs attached as Exhibits 1 through 8 hereto, CYGIA agreed "to take all reasonable steps and to exercise due diligence to protect the Product from unauthorized reproduction, publication, or distribution." CYGIA further agreed that it would "have a reasonable mechanism in place to ensure that the Software may not be used or copied by unlicensed persons."

136. CYGIA breached at least Section 3 of all SLMAs by copying, sharing, and using the Cadence Software without authorization from Cadence, by continuing to use the Cadence software for commercial purposes without any valid license, allowing the Cadence Software to be used or copied by unlicensed persons, failing to take reasonable steps and exercise due diligence to protect the Cadence Software from unauthorized reproduction, publication, or distribution, and by installing and using Cadence Software on its computers without authorization, and by not paying a licensing fee.

137. On information and belief, CYGIA has previously and continues to knowingly obtain, download, copy, install and/or otherwise use unauthorized versions of the Cadence Software, including using websites and internet service providers known to traffic in illegal content.

138. On information and belief, CYGIA also conspires with others to use and obtain unauthorized versions of Cadence software from a source other than Cadence and its authorized resellers.

139. Cadence was damaged as a result of CYGIA's breaches. For example, CYGIA's breaches deprived Cadence of substantial license fees.

140. Cadence is entitled to injunctive relief and recovery of its attorneys' fees, costs and interest.

## PRAYER FOR RELIEF

WHEREFOR, Plaintiff Cadence prays that this Court provide relief by:

a. Preliminarily and permanently enjoining and restraining Intelligent Automation (Zhuhai) Co., Ltd., as well as its officers, directors, agents, employees, and all other individuals affiliated, associated, or acting in concert with it from using the Cadence Software or any other Cadence Software to which they hold no valid license;

b. Awarding Cadence compensatory and actual damages;

      c.      Ordering Intelligent Automation (Zhuhai) Co., Ltd. to provide an accounting of their profits;

      d.      Awarding Cadence its actual damages plus CYGIA's profits under the Copyright Act, or, at the election of Cadence, statutory damages for CYGIA's copyright infringement;

      e.      Awarding Cadence its actual damages plus CYGIA's profits, or, at the election of Cadence, statutory damages for CYGIA's circumvention of copyright protection mechanisms pursuant to 17 U.S.C. § 1203(c)(1);

      f.      Increasing the award damages because of CYGIA's willful infringement and/or circumvention;

      g.      Requiring Intelligent Automation (Zhuhai) Co., Ltd. to deliver upon oath, to be impounded during the pendency of this action, all infringing copies of Cadence's copyrighted works, any unauthorized software used to circumvent the licensing restrictions on the Cadence Software, and any products produced, designed, or manufactured, in part or in whole, with or in conjunction with the Cadence software; and that an order of impoundment and/or seizure in respect of the foregoing be issued out of this Court in the manner provided by the Copyright Act and by the United States Supreme Court Copyright Practice Rules (1909); and that at the conclusion of this action, the Court shall order all such materials so held to be surrendered to Cadence or to be destroyed under a Writ of Destruction issued under 17 U.S.C. § 503, whichever shall seem to this Court to be most just and proper;

      h.      Awarding Cadence restitution;

      i.      Awarding Cadence its attorneys' fees and costs;

      j.      Awarding Cadence prejudgment and post-judgment interest;

      k.      Awarding Cadence such other and further relief as the Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Cadence demands a jury trial on all issues triable by a jury.

| | | |
|---|---|---|
| DATED: October 7, 2024 | By: | */s/ Guy Ruttenberg* |

                                          Guy Ruttenberg, Bar No. 207937
guy@ruttenbergiplaw.com
RUTTENBERG IP LAW,
A PROFESSIONAL CORPORATION
1801 Century Park East, Suite 1920
Los Angeles, CA 90067
Telephone: (310) 627-2270

Steve Papazian, Bar No. 288097
steve@papazianiplaw.com
PAPAZIAN IP LAW, APC
325 N. Larchmont Blvd, Suite 172
Los Angeles, CA 90004
Telephone: (562) 522-4086

*Attorneys for Plaintiff Cadence Design Systems, Inc.*