DARCY PAUL (248940)
PAUL LAW GROUP, A PROFESSIONAL CORPORATION
3235 Kifer Road, Suite 360
Santa Clara, CA 95051
Telephone: (408) 617-0800
Email: dapaul@darcypaul.com

Attorney for Non-Party
INTELLIGENT AUTOMATION TECHNOLOGY, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| CADENCE DESIGN SYSTEMS, INC., a Delaware Corporation<br><br>                    Plaintiff,<br><br>        v.<br><br>INTELLIGENT AUTOMATION (ZHUHAI) CO., LTD., a Chinese Limited Liability Company,<br><br>                    Defendant. | Civil Action No. 5:24-cv-7031-PCP<br><br>**NON-PARTY INTELLIGENT AUTOMATION TECHNOLOGY, INC.'S NOTICE OF MOTION AND MOTION TO QUASH SUBPOENA**<br><br>Date:          May 15, 2025<br>Time:          10:00 a.m.<br>Courtroom:  8<br>Judge:        Hon. P. Casey Pitts |

PAUL LAW GROUP, A PROFESSIONAL CORPORATION

<div style="text-align: right; writing-mode: vertical-rl;">PAUL LAW GROUP, A PROFESSIONAL CORPORATION</div>

**INTRODUCTION**

Intelligent Automation Technology, Inc. ("IAT" or "Movant"), a California corporation, by and through its undersigned counsel, Paul Law Group, A Professional Corporation, notices and brings this motion pursuant to Rules 45 and 26 of the Federal Rules of Civil Procedure ("FRCP") to quash a third-party subpoena issued on March 24, 2025, by Plaintiff Cadence Design Systems, Inc. ("Plaintiff" or "Cadence"). The hearing for this motion is scheduled for May 15, 2025 at 10:00 a.m.

IAT is a non-party to this action, and appears as Movant to request that the Court quash the subpoena issued by Plaintiff to IAT in this matter. *See* **Exhibit 1**.

**BACKGROUND**

As reflected in the record, on October 7, 2024, Plaintiff filed a complaint for copyright infringement and breach of contract against Intelligent Automation (Zhuhai) Co., Ltd. ("ZHUHAI"), "a company organized and existing under the laws of the People's Republic of China." Compl. ¶ 3. *See* Ct. Docket 1. Thereafter, on October 23, 2024, Plaintiff attempted to serve ZHUHAI the Summons and Complaint through service on IAT pursuant to FRCP 4(h)(1)(A)-(B). *See* Ct. Docket 12. At that time, counsel for IAT explained to Plaintiff's counsel that such service was ineffective because IAT was never a general manager for ZHUHAI, that IAT is a separate entity, and that IAT could not accept service on behalf of the Defendant on this basis. On December 6, 2024, Plaintiff filed a supplemental proof of service alleging an attempt to personally serve ZHUHAI in China. *See* Ct. Docket 13. Following these events, Plaintiff filed a request for entry of default against ZHUHAI, which was entered December 13, 2024. *See* Ct. Docket 15 (modified Dec. 16, 2024).

Following a case management conference in which ZHUHAI did not make an appearance, Plaintiff brought an administrative motion requesting the Court to open discovery pursuant to FRCP 26(d)(1), which allows a party to open discovery prior to a case management conference following a court order. *See id.*; Ct. Docket 19. In its motion, Plaintiff claims discovery is needed to "confirm whether any other entities are involved in the misconduct alleged in the Complaint" and to

1    determine the amount of ZHUHAI's revenue. *See* Ct. Docket 19 at 3. This motion was granted in

2    an Order dated January 28, 2025. *See* Ct. Docket 20.

3        Following entry of the Court's Order, Plaintiff served a third-party subpoena on IAT on

4    March 25, 2025. A true and correct copy of this subpoena is attached as **Exhibit 1**.

5                                          **ARGUMENT**

6        The third-party subpoena served on IAT must be quashed because: (A) the named defendant

7    ZHUHAI was not properly served with the Complaint in accordance with the Hague Convention;

8    and (B) the subpoena was not issued in compliance with Federal Rule of Civil Procedure 45.

9        A.    **Improper Service of ZHUHAI**

10        Plaintiff asserts that ZHUHAI is a foreign entity based in China. *See* Compl. ¶ 3. Before a

11    federal court may exercise jurisdiction over a defendant, "the procedural requirement of service of

12    summons must be satisfied." *Omni Capital Int'l v. Rudolf Wolff & Co.*, 484 U.S. 97, 104 (1987);

13    *see also Murphy Bros. v. Michetti Pipe Stringing*, 526 U.S. 344, 350 (1999) ("In the absence of

14    service of process (or waiver of service by the defendant), a court ordinarily may not exercise power

15    over a party the complaint names as defendant."). When the validity of service is contested, the

16    burden shifts to the plaintiffs to demonstrate that service was effectuated in accordance with Rule

17    4. *Brockmeyer v. May*, 383 F.3d 798, 801 (9th Cir. 2004) (citing A Charles A. Wright & Arthur R.

18    Miller, Federal Practice and Procedure § 1083 (3d ed. 2002 & Supp. 2003)). Neither actual notice

19    of the litigation nor the mere inclusion of a defendant's name in the caption of the complaint suffices

20    to establish personal jurisdiction absent substantial compliance with the service requirements

21    delineated in Rule 4. *Crowley v. Bannister*, 734 F.3d 967, 975 (9th Cir. 2013) (brackets omitted).

22        To serve the defendant properly, Plaintiff is required to follow Federal Rule of Civil

23    Procedure 4(f) governing the service of a foreign defendant. Fᴇᴅ. R. Cɪᴠ. P. 4. In federal cases,

24    FRCP 4(h)(2) authorizes service of process on a foreign business in the same manner prescribed

25    by Rule 4(f). *Id*. at 4(h). Under Rule 4(f) there are three ways to effectuate service. Rule 4(f)(1)

26    allows service "by any internationally agreed means of service that is reasonably calculated to give

27    notice, such as those authorized by the Hague Convention on the Service Abroad of Judicial and

28    Extrajudicial Documents." *Id.* Rule 4(f)(2) provides instruction in those circumstances where there

PAUL LAW GROUP, A PROFESSIONAL CORPORATION

PAUL LAW GROUP, A PROFESSIONAL CORPORATION

1    is no internationally agreed-upon means, or if an international agreement allows but does not

2    specify other means, of service. *Id.* This would be most relevant when serving a company in a

3    country that has not co-signed the Hague Convention. Lastly, Rule 4(f)(3) provides for a wide range

4    of alternative service methods as it authorizes service "by other means not prohibited by

5    international agreement as may be directed by the court." *Id.* Rule 4(f)(3) can only be utilized by

6    first filing a motion and obtaining a Court order for alternative service.

7         It is clear that ZHUHAI was not properly served. To serve the Defendant properly, Plaintiff

8    would have to serve process under the Hague Convention, or at the very least, seek alternative

9    service from the Court, before moving on to discovery. The requirements of the Hague Convention

10   are familiar to the Plaintiff, which has previous experience in this jurisdiction with the issue of

11   attempted improper service of a different entity, followed by an impermissible alternative service.

12   *See Cadence Design Sys., Inc. v. Fenda USA Inc.*, 734 F. Supp. 3d 960, 963 (N.D. Cal. 2024)

13   (holding "the [Hague] Convention delineates the exclusive means by which service of documents

14   may occur in the signatory countries"). In that case, Cadence attempted to serve a defendant which

15   was a Chinese entity, Shenzhen Fenda Technology Co., Ltd, and which was the parent company of

16   the U.S. defendant, Fenda USA. The Court denied Cadence's attempt to serve Shenzhen Fenda

17   through the former attorney of its U.S. subsidiary (Fenda USA). *Id.* 965-66. The Court found it

18   problematic because Cadence provided no evidence that notice to the attorney was reasonably

19   calculated to apprise Shenzhen Fenda of the pending suit. *See id.*

20        Cadence then sought alternative service by email on Shenzen Fenda Technology Co., Ltd.,

21   the Chinese entity. *Id.* at 966-67. The Court denied Cadence's motion, finding the "Convention

22   prohibits service through methods not enumerated in its articles." *See id.* As the Court explained,

23   "the signatories to the Convention have agreed to make its procedures the exclusive mechanism for

24   service of documents abroad, so methods not authorized under the Convention are 'prohibited by

25   international agreement.'" *Id.* at 965. The court ultimately denied Cadence's motion for alternative

26   service.

27        The situation at present is similar in the sense that service under the Hague Convention is

28   required and was not followed. After the initial attempted service for the defendant (improperly

PAUL LAW GROUP, A PROFESSIONAL CORPORATION

1    attempted on non-party IAT) was insufficient, Plaintiff attempted to conduct supplemental service

2    under Rule 4(h)(1)(a) on a purported representative of the defendant. This attempt is invalid as

3    explained by the Court in the *Fenda* case because it is a type of alternative service that is not

4    authorized under the articles of the Hague Convention. *Id.* Moreover, this supplemental service is

5    facially invalid because Cadence is attempting to use supplemental service in China to satisfy Rule

6    4(h)(1)(A). *See* Ct. Docket 13. However, Rule 4(h)(1) specifically provides that service must be in

7    "a judicial district of the United States." Cadence's supplemental service was clearly served in

8    China and was thus insufficient service under 4(h)(1).

9        The absence of proper service by Plaintiff on the Defendant ZHUHAI means that the Court

10    lacks proper jurisdiction allowing issuance of the Order under which the third-party subpoena to

11    IAT was served. *See* Ct. Docket 20. Proper service of a defendant is also linked to procedural

12    protections of non-parties during the process of discovery. Accordingly, the subpoena should be

13    quashed.

14        **B.**      **Lack of Compliance with FRCP Rule 45**

15        The scope of discovery through Rule 45 "is the same as the scope of discovery permitted

16    under Rule 26(b)." *Genus Lifesciences Inc. v. Lannett Co.*, No. 18-CV-7603 (WHO), 2019 WL

17    7313047, at *4 (N.D. Cal. Dec. 30, 2019). The court must limit discovery "if it determines that 'the

18    discovery sought is unreasonably cumulative or duplicative or can be obtained from some other

19    source that is more convenient, less burdensome, or less expensive.'" *Id.* (citing FRCP Rule

20    26(b)(2)(c)(i)).

21        As a threshold matter, without a properly served defendant in the proceedings, it is

22    prejudicial to a non-party to be subjected to discovery where the rights of that non-party as

23    protected, for example, in FRCP 45, are unable to be observed. As a practical matter, those rights

24    are downstream from the basic need for a defendant to be present in a case and the obligation of

25    the plaintiff to ensure that this condition occurs.

26        Federal Rule of Civil Procedure 45(c) contains rights in the form of protections for non-

27    parties served with subpoenas. The first level of protection imposes an obligation on the party

28    serving the subpoena to "take reasonable steps to avoid imposing undue burden or expense on a

PAUL LAW GROUP, A PROFESSIONAL CORPORATION

1  person subject to the subpoena" and states that a court "shall enforce this duty." See FED. R. CIV.

2  P. 45(c). FRCP 45(c)(3)(A) provides that "on timely motion, the court by which a subpoena was

3  issued shall quash or modify the subpoena if it "subjects a person to undue burden." *Id.*

4      Here, Plaintiff's subpoena contains fourteen requests for production from IAT. However,

5  IAT is not a party to this litigation. In *Genus*, the court quashed a subpoena issued to a non-party

6  because it found that it constituted an undue burden. The court stated that generally, "'there is a

7  preference for parties to obtain discovery from one another before burdening non-parties with

8  discovery requests.'" *Genus Lifesciences Inc.*, 2019 WL 7313047, at *4 (citing *Soto v. Castlerock*

9  *Farming & Transp., Inc.*, 282 F.R.D. 492, 505 (E.D. Cal. 2012) (collecting cases)). The court found

10  that "[w]hen the requesting party has 'not shown that it attempted to obtain documents from the

11  opposing party in an action prior to seeking the documents from a non-party, a subpoena *duces*

12  *tecum* places an undue burden on a non-party.'" *Id.*  And further, the court in *Genus Lifesciences*

13  stated that "'when an opposing party and a non-party both possess documents, the documents

14  should be sought from the party to the case." *Id.* All the information in the requests by Plaintiff are

15  likely in the possession of ZHUHAI, the named defendant in this case. More to the point with

16  respect to the procedural protections, in the present case a defendant has not even been properly

17  served, let alone available for the protections of FRCP 45 for non-parties to be implemented as

18  required. It is clear that Plaintiff needs to effectuate proper service of the complaint first.

19      Based on the facts contained in the record, Plaintiff appears to be attempting an end-run

20  around its procedural obligations. Beyond not effectuating proper service of the complaint in this

21  litigation, Plaintiff has compounded the basic problem of not meeting this essential procedural

22  requirement by attempting to obtain the right to burden non-parties to the litigation with discovery-

23  based obligations. A clear danger with allowing a litigant to conduct discovery in the absence of a

24  legitimately served defendant is presented in this situation. The power of the subpoena against

25  people and entities should not be exercised lightly, and the recognition of the gravity of this power

26  is acknowledged in the procedural requirements discussed, which tie back to the obligation to bring

27  a defendant into litigation as an essential requirement before the present type of proceedings occurs.

28

1                         **<u>CONCLUSION</u>**

2        For the reasons stated here, IAT respectfully requests that the non-party subpoena served

3 on Movant by Plaintiff be quashed.

4 Dated: April 8, 2025                Respectfully Submitted,

5

6                               PAUL LAW GROUP, A PROFESSIONAL
                                    CORPORATION

7

8                               By:   /s/ Darcy Paul

9                               3235 Kifer Road, Suite 360

10                               Santa Clara, CA 95051
                              Telephone: (408) 617-0800

11                               Email: dapaul@darcypaul.com

12                               Attorney for Non-Party Intelligent Automation
                              Technology, Inc.

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

PAUL LAW GROUP, A PROFESSIONAL CORPORATION

1

<u>CERTIFICATE OF SERVICE</u>

2

3       I hereby certify that I have on this 8th day of April, 2025, served via the Court's Electronic

4   Case Filing system, a true and correct copy of the foregoing NON-PARTY INTELLIGENT

5   AUTOMATION TECHNOLOGY, INC.'S NOTICE OF MOTION AND MOTION TO QUASH

6   SUBPOENA and [PROPOSED] ORDER on the Plaintiff.

7

8                                             _____

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**PAUL LAW GROUP, A PROFESSIONAL CORPORATION**