DARCY PAUL (248940)
PAUL LAW GROUP, A PROFESSIONAL CORPORATION
3235 Kifer Road, Suite 360
Santa Clara, CA 95051
Telephone: (408) 617-0800
Email: dapaul@darcypaul.com

WESLEY PAUL (*pro hac vice*)
DEHENG CHEN, LLC
233 Broadway, Suite 2205
New York, NY 10279
Telephone: (212) 608-6500
Email: wpaul@dcclaw.com

Attorneys for Non-Party Xuejian Wei

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN JOSE DIVISION

| | |
|---|---|
| CADENCE DESIGN SYSTEMS, INC., a Delaware Corporation<br><br>                    Plaintiff,<br><br>        v.<br><br>INTELLIGENT AUTOMATION (ZHUHAI) CO., LTD., a Chinese Limited Liability Company,<br><br>                    Defendant. | Civil Action No. 5:24-cv-7031-PCP<br><br>**NON-PARTY XUEJIAN WEI'S NOTICE OF MOTION AND MOTION TO QUASH SUBPOENAS**<br><br>Date:        May 29, 2025<br>Time:        10:00 a.m.<br>Courtroom:  8<br>Judge:      Hon. P. Casey Pitts |

PAUL LAW GROUP, A PROFESSIONAL CORPORATION

**INTRODUCTION**

Non-party Xuejian Wei ("Wei" or "Movant"), by and through his undersigned counsel, Paul Law Group, A Professional Corporation, notices and brings this motion pursuant to Rules 45 and 26 of the Federal Rules of Civil Procedure ("FRCP") to quash two third-party subpoenas dated March 31, 2025, by Plaintiff Cadence Design Systems, Inc. ("Plaintiff" or "Cadence"). The hearing for this motion is scheduled for May 29, 2025 at 10:00 a.m. Movant's counsel has inquired of Plaintiff's counsel whether Plaintiff is willing to consolidate the hearing for the present motion with the hearing for the motion to quash a subpoena filed on behalf of non-party Intelligent Automation Technologies, Inc. ("IAT") (*See* Ct. Docket 23 (hearing scheduled for May 15, 2025)), but as of the time of the filing of the present motion has not received a response from Plaintiff's counsel regarding this request.

Movant is a non-party to this action, and appears as a movant to request that the Court quash a subpoena for a deposition and a subpoena for documents that Plaintiff apparently attempted to serve upon Wei in this matter by improper substituted service. *See* **Exhibits 1 and 2**. Part of the basis for the present motion to quash the subpoenas issued to non-party Wei is identical to the basis for the motion to quash the subpoena for documents issued to non-party IAT in that the arguments related to the absence of a properly served defendant in this case and the attendant failure to ensure mandated procedural protections for non-parties are in essence the same, as they apply equally at present to any non-party to the action. The other basis for the present motion is that Plaintiff did not effectuate proper service of the subpoenas on Wei.

**BACKGROUND**

As reflected in the record, on October 7, 2024, Plaintiff filed a complaint for copyright infringement and breach of contract against Intelligent Automation (Zhuhai) Co., Ltd. ("ZHUHAI"), "a company organized and existing under the laws of the People's Republic of China." Compl. ¶ 3. *See* Ct. Docket 1. Thereafter, on October 23, 2024, Plaintiff attempted to serve ZHUHAI the Summons and Complaint through service on IAT pursuant to FRCP 4(h)(1)(A)-(B). *See* Ct. Docket 12. At that time, counsel for IAT explained to Plaintiff's counsel that such service was ineffective because IAT was never a general manager for ZHUHAI, that IAT is a separate

PAUL LAW GROUP, A PROFESSIONAL CORPORATION

1  entity, and that IAT could not accept service on behalf of the Defendant on this basis. On December

2  6, 2024, Plaintiff filed a supplemental proof of service alleging an attempt to personally serve

3  ZHUHAI in China. *See* Ct. Docket 13. Following these events, Plaintiff filed a request for entry of

4  default against ZHUHAI, which was entered December 13, 2024. *See* Ct. Docket 15 (modified Dec.

5  16, 2024).

6          Following a case management conference in which ZHUHAI did not make an appearance,

7  Plaintiff brought an administrative motion requesting the Court to open discovery pursuant to FRCP

8  26(d)(1), which allows a party to open discovery prior to a case management conference following

9  a court order. *See id.*; Ct. Docket 19. In its motion, Plaintiff claims discovery is needed to "confirm

10 whether any other entities are involved in the misconduct alleged in the Complaint" and to

11 determine the amount of ZHUHAI's revenue. *See* Ct. Docket 19 at 3. This motion was granted in

12 an Order dated January 28, 2025. *See* Ct. Docket 20.

13         Following entry of the Court's Order, Plaintiff appears to have attempted to serve by

14 substituted service on non-party Wei two third-party subpoenas late in the evening on April 3, 2025.

15 True and correct copies of the subpoenas that Plaintiff appears to have attempted, improperly, to

16 serve upon Movant are attached as **Exhibits 1 and 2**. Plaintiff appears to have attempted to

17 substitute-serve non-party Wei improperly with a subpoena for a deposition and a subpoena for

18 documents with requests that are identical to the subpoena for documents that Plaintiff issued to

19 non-party IAT. *See* <u>Exhibit 2</u>, 5-6 (internal pagination 1-2); Ct. Docket 23-1, 5-6 (internal

20 pagination 1-2). Wei has timely served (based upon the purported dates of service and production

21 identified in the improper substituted-service) objections for the subpoena for documents to

22 Plaintiff, and brings forth the present motion to quash that subpoena for documents as well as

23 Plaintiff's subpoena for a deposition of Wei, both of which were served improperly.

24                                    **<u>ARGUMENT</u>**

25         The third-party subpoenas for a deposition and for documents served on non-party Wei

26 must be quashed because: (A) the named defendant ZHUHAI was not properly served with the

27 Complaint in accordance with the Hague Convention; and (B) the subpoena was not issued in

28 compliance with Federal Rule of Civil Procedure 45 or other applicable service requirements.

PAUL LAW GROUP, A PROFESSIONAL CORPORATION

### A.  **Improper Service of ZHUHAI**

Plaintiff asserts that ZHUHAI is a foreign entity based in China. *See* Compl. ¶ 3. Before a federal court may exercise jurisdiction over a defendant, "the procedural requirement of service of summons must be satisfied." *Omni Capital Int'l v. Rudolf Wolff & Co.*, 484 U.S. 97, 104 (1987); *see also Murphy Bros. v. Michetti Pipe Stringing*, 526 U.S. 344, 350 (1999) ("In the absence of service of process (or waiver of service by the defendant), a court ordinarily may not exercise power over a party the complaint names as defendant."). When the validity of service is contested, the burden shifts to the plaintiffs to demonstrate that service was effectuated in accordance with Rule 4. *Brockmeyer v. May*, 383 F.3d 798, 801 (9th Cir. 2004) (citing A Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure § 1083 (3d ed. 2002 & Supp. 2003)). Neither actual notice of the litigation nor the mere inclusion of a defendant's name in the caption of the complaint suffices to establish personal jurisdiction absent substantial compliance with the service requirements delineated in Rule 4. *Crowley v. Bannister*, 734 F.3d 967, 975 (9th Cir. 2013) (brackets omitted).

To serve the defendant properly, Plaintiff is required to follow Federal Rule of Civil Procedure 4(f) governing the service of a foreign defendant. FED. R. CIV. P. 4. In federal cases, FRCP 4(h)(2) authorizes service of process on a foreign business in the same manner prescribed by Rule 4(f). *Id*. at 4(h). Under Rule 4(f) there are three ways to effectuate service. Rule 4(f)(1) allows service "by any internationally agreed means of service that is reasonably calculated to give notice, such as those authorized by the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents." *Id.* Rule 4(f)(2) provides instruction in those circumstances where there is no internationally agreed-upon means, or if an international agreement allows but does not specify other means, of service. *Id.* This would be most relevant when serving a company in a country that has not co-signed the Hague Convention. Lastly, Rule 4(f)(3) provides for a wide range of alternative service methods as it authorizes service "by other means not prohibited by international agreement as may be directed by the court." *Id.* Rule 4(f)(3) can only be utilized by first filing a motion and obtaining a Court order for alternative service.

It is clear that ZHUHAI was not properly served.  To serve the Defendant properly, Plaintiff would have to serve process under the Hague Convention, or at the very least, seek alternative

PAUL LAW GROUP, A PROFESSIONAL CORPORATION

1   service from the Court, before moving on to discovery. The requirements of the Hague Convention

2   are familiar to the Plaintiff, which has previous experience in this jurisdiction with the issue of

3   attempted improper service of a different entity, followed by an impermissible alternative service.

4   *See Cadence Design Sys., Inc. v. Fenda USA Inc.*, 734 F. Supp. 3d 960, 963 (N.D. Cal. 2024)

5   (holding "the [Hague] Convention delineates the exclusive means by which service of documents

6   may occur in the signatory countries"). In that case, Cadence attempted to serve a defendant which

7   was a Chinese entity, Shenzhen Fenda Technology Co., Ltd, and which was the parent company of

8   the U.S. defendant, Fenda USA. The Court denied Cadence's attempt to serve Shenzhen Fenda

9   through the former attorney of its U.S. subsidiary (Fenda USA). *Id.* 965-66. The Court found it

10  problematic because Cadence provided no evidence that notice to the attorney was reasonably

11  calculated to apprise Shenzhen Fenda of the pending suit.  *See id.*

12  Cadence then sought alternative service by email on Shenzen Fenda Technology Co., Ltd.,

13  the Chinese entity.  *Id.* at 966-67. The Court denied Cadence's motion, finding the "Convention

14  prohibits service through methods not enumerated in its articles."  *See id.*  As the Court explained,

15  "the signatories to the Convention have agreed to make its procedures the exclusive mechanism for

16  service of documents abroad, so methods not authorized under the Convention are 'prohibited by

17  international agreement.'"  *Id.* at 965. The court ultimately denied Cadence's motion for alternative

18  service.

19  The situation at present is similar in the sense that service under the Hague Convention is

20  required and was not followed. After the initial attempted service for the defendant (improperly

21  attempted on non-party IAT) was insufficient, Plaintiff attempted to conduct supplemental service

22  under Rule 4(h)(1)(a) on a purported representative of the defendant. This attempt is invalid as

23  explained by the Court in the *Fenda* case because it is a type of alternative service that is not

24  authorized under the articles of the Hague Convention. *Id.* Moreover, this supplemental service is

25  facially invalid because Cadence is attempting to use supplemental service in China to satisfy Rule

26  4(h)(1)(A). *See* Ct. Docket 13. However, Rule 4(h)(1) specifically provides that service must be in

27  "a judicial district of the United States." Cadence's supplemental service was clearly served in

28  China and was thus insufficient service under 4(h)(1).

The absence of proper service by Plaintiff on the Defendant ZHUHAI means that the Court lacks proper jurisdiction allowing issuance of the Order under which the third-party subpoenas to non-party Wei were served. *See* Ct. Docket 20. Proper service of a defendant is also linked to procedural protections of non-parties during the process of discovery. Accordingly, the subpoenas should be quashed.

**B.**    **Lack of Compliance with FRCP Rule 45 or Other Applicable Service Requirements**

The scope of discovery through Rule 45 "is the same as the scope of discovery permitted under Rule 26(b)." *Genus Lifesciences Inc. v. Lannett Co.*, No. 18-CV-7603 (WHO), 2019 WL 7313047, at *4 (N.D. Cal. Dec. 30, 2019). The court must limit discovery "if it determines that 'the discovery sought is unreasonably cumulative or duplicative or can be obtained from some other source that is more convenient, less burdensome, or less expensive.'" *Id.* (citing FRCP Rule 26(b)(2)(c)(i)).

As a threshold matter, without a properly served defendant in the proceedings, it is prejudicial to a non-party to be subjected to discovery where the rights of that non-party as protected, for example, in FRCP 45, are unable to be observed. As a practical matter, those rights are downstream from the basic need for a defendant to be present in a case and the obligation of the plaintiff to ensure that this condition occurs.

Federal Rule of Civil Procedure 45(c) contains rights in the form of protections for non-parties served with subpoenas. The first level of protection imposes an obligation on the party serving the subpoena to "take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena" and states that a court "shall enforce this duty." See FED. R. CIV. P. 45(c). FRCP 45(c)(3)(A) provides that "on timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it "subjects a person to undue burden." *Id.*

Here, one of Plaintiff's subpoenas attempts to depose non-party Wei. *See* Exhibit 1. However, Wei is not a party to this litigation. The subpoena does not contain a single topic defining the scope of the deposition. In Plaintiff's other subpoena, Movant Wei has also been subjected to the same improper document requests as IAT, and the same undue-burden argument applies to the

PAUL LAW GROUP, A PROFESSIONAL CORPORATION

1    discovery sought from non-party Wei as from non-party IAT. *See* Exhibit 2, 5-6 (internal pagination

2    1-2) (attempting to serve by invalid substitute service non-party Wei with identical document

3    requests served upon non-party IAT, against which Wei has served Plaintiff with objections); Ct.

4    Docket 23-1, 5-6 (internal pagination 1-2).

5         In *Genus*, the court quashed a subpoena issued to a non-party because it found that it

6    constituted an undue burden. The court stated that generally, "'there is a preference for parties to

7    obtain discovery from one another before burdening non-parties with discovery requests.'" *Genus*

8    *Lifesciences Inc.*, 2019 WL 7313047, at *4 (citing *Soto v. Castlerock Farming & Transp., Inc.*, 282

9    F.R.D. 492, 505 (E.D. Cal. 2012) (collecting cases)). The court found that "[w]hen the requesting

10   party has 'not shown that it attempted to obtain documents from the opposing party in an action

11   prior to seeking the documents from a non-party, a subpoena *duces tecum* places an undue burden

12   on a non-party.'" *Id.* And further, the court in *Genus Lifesciences* stated that "'when an opposing

13   party and a non-party both possess documents, the documents should be sought from the party to

14   the case." *Id.* All the information in the requests by Plaintiff are likely in the possession of

15   ZHUHAI, the named defendant in this case. Any discovery, including for a deposition, taken of a

16   non-party should first be subjected to the requirement that a defendant be present in the litigation.

17   More to the point with respect to the procedural protections, in the present case a defendant has not

18   even been properly served, let alone available for the protections of FRCP 45 for non-parties to be

19   implemented as required. It is clear that Plaintiff needs to effectuate proper service of the complaint

20   first.

21         Furthermore, attempted service of the subpoenas at issue in this motion was not proper. The

22   subpoenas at issue here, dated March 31, 2025, were attempted to be served late at night on

23   April 3, 2025, at the residence of non-party Wei who was not present, and with no subsequent

24   mailing to this address received as of the time of the filing of the present motion. The in-person

25   service requirement of the federal rules was not followed, while substituted service in California

26   requires multiple attempts be made, and, further, to be valid, substituted service must also be sent

27   by first-class mail. *See* FED. R. CIV. P. 45(b)(1); CAL. CODE CIV. PROC. § 415.20(b); *Kremerman v.*

28   *White*, 71 Cal. App. 5th 358, 373 (2021). None of these conditions appear to have been satisfied.

1    Movant's counsel has sought agreement with Plaintiff's counsel to consolidate the dates of

2    the hearings for motions to quash (by non-party IAT which is scheduled for May 15, 2025, and the

3    present motion scheduled for a hearing on May 29, 2025), but has not, as of the filing of this motion,

4    received a response as to this inquiry to consolidate the hearing dates. Movant requests that the

5    hearing for the present motion be consolidated with the hearing for the motion by non-party IAT to

6    quash a subpoena for documents issued by Plaintiff such that both motions are scheduled to be

7    heard on May 29, 2025.

## **CONCLUSION**

9    For the reasons stated here, Xuejian Wei respectfully requests that the non-party subpoenas

10   improperly served on Movant by Plaintiff be quashed.

11   Dated: April 15, 2025                    Respectfully Submitted,

12
                                            PAUL LAW GROUP, A PROFESSIONAL
13                                              CORPORATION

14

15                                          By:   /s/ Darcy Paul

16                                          3235 Kifer Road, Suite 360
17                                          Santa Clara, CA 95051
                                            Telephone: (408) 617-0800
18                                          Email: dapaul@darcypaul.com

19                                          Attorney for Non-Party Intelligent Automation
                                               Technology, Inc.

PAUL LAW GROUP, A PROFESSIONAL CORPORATION

1

CERTIFICATE OF SERVICE

2

3       I hereby certify that I have on this 15th day of April, 2025, served via the Court's Electronic

4    Case Filing system, a true and correct copy of the foregoing NON-PARTY XUEJIAN WEI'S

5    NOTICE OF MOTION AND MOTION TO QUASH SUBPOENAS and [PROPOSED] ORDER

6    on the Plaintiff.

7

8                                                    _____

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

PAUL LAW GROUP, A PROFESSIONAL CORPORATION