UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| CADENCE DESIGN SYSTEMS, INC.,<br><br>Plaintiff,<br><br>v.<br><br>INTELLIGENT AUTOMATION (ZHUHAI) CO., LTD.,<br><br>Defendant. | Case No. 24-cv-07031-PCP (VKD)<br><br>**ORDER RE PLAINTIFF'S MOTION FOR CERTIFICATION OF FACTS RE NON-PARTIES' CONTEMPT**<br><br>Re: Dkt. No. 48 |

Plaintiff Cadence Design Systems, Inc. ("Cadence") moves for an order certifying facts and recommending a finding of civil contempt against non-parties Intelligent Automation Technology, Inc. ("IAT") and Xuejian Wei (collectively, "non-parties") for failure to comply with this Court's May 27, 2025 order (Dkt. No. 39) requiring IAT and Mr. Wei to produce all non-privileged documents responsive to Cadence's documents subpoenas by June 17, 2025. Dkt. No. 48.[1] The Court held a hearing on the motion on September 30, 2025. Dkt. No. 64. Thereafter, at the Court's direction, Cadence and non-parties jointly filed a status report regarding their dispute on October 14, 2025. Dkt. No. 69.

For the reasons explained below, the Court grants in part and denies in part Cadence's motion.

---

[1] Cadence moves to seal the entirety of the transcript of Mr. Wei's deposition on the ground that Mr. Wei claims the transcript is for "Attorneys' Eyes Only." Dkt. Nos. 47, 59. Mr. Wei filed statements in support of the motions to seal. Dkt. Nos. 51, 62. As the sealing motions relate to a discovery matter, the good cause standard applies. *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1097-98 (9th Cir. 2016); *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1179-80 (9th Cir. 2006). Good cause appearing, the Court grants Cadence's sealing motions.

**I.     BACKGROUND**

On March 25, 2025, Cadence served a document subpoena on IAT. Dkt. No. 23 at 2. On April 3, 2025, Cadence served a document subpoena on Mr. Wei. Dkt. No. 27 at 2. On April 15, 2025, IAT and Mr. Wei moved to quash the subpoenas. Dkt. Nos. 23, 27. On May 27, 2025, following a hearing, the Court denied the motions to quash and ordered IAT and Mr. Wei to produce all non-privileged documents responsive to Cadence's document subpoenas by June 17, 2025. Dkt. No. 39.

On June 16, 2025, IAT and Mr. Wei produced two documents. Dkt. No. 48 at 3; Dkt. No. 56 at 14; Dkt. No. 56-1 ¶ 7. These non-parties produced no other documents by June 17, 2025.

Cadence contends that IAT and Mr. Wei failed to produce, or to even conduct a reasonable search for, any documents responsive to Cadence's document subpoenas. Dkt. No. 48.

**II.    LEGAL STANDARD**

With regards to a non-party subpoena, "[t]he court for the district where compliance is required . . . may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it." Fed. R. Civ. P. 45(g). Civil contempt has two "separate and independent" purposes: "to coerce [a non-party] into compliance with the court's order" or "to compensate the complainant for losses sustained" from the non-compliance. *Shell Offshore Inc. v. Greenpeace, Inc.*, 815 F.3d 623, 629 (9th Cir. 2016) (cleaned up).

To establish civil contempt, the moving party must show by clear and convincing evidence that the alleged contemnor violated a specific and definite order of the court. *See FTC v. Affordable Media*, 179 F.3d 1228, 1239 (9th Cir. 1999). The burden then shifts to the alleged contemnor to demonstrate that it took "all reasonable steps within [his/her] power to [e]nsure compliance" with the court's order or to explain why it was unable to comply with the order. *Stone v. City & Cnty. of San Francisco*, 968 F.2d 850, 856 (9th Cir. 1992); *Affordable Media*, 179 F.3d at 1239. "The contempt need not be willful." *In re Dual-Deck Video Cassette Recorder Antitrust Litig.*, 10 F.3d 693, 695 (9th Cir. 1993) (internal quotation marks and citation omitted). However, contempt sanctions are not warranted where the alleged contemnor's action "appears to be based on a good faith and reasonable interpretation" of the court's order. *Id.* (quoting *Vertex*

2

1  *Distrib., Inc. v. Falcon Foam Plastics, Inc.*, 689 F.2d 885, 889 (9th Cir. 1982)).

2  Absent consent of the parties to magistrate judge jurisdiction, a magistrate judge has
3  limited authority in civil contempt proceedings. *See* 28 U.S.C. § 636(e). A magistrate judge may
4  investigate whether further contempt proceedings are warranted and, if the magistrate judge so
5  finds, certify such facts to a district judge. *Id.* Specifically, upon finding an act constituting a
6  civil contempt:

> the magistrate judge shall forthwith certify the facts to a district judge and may serve or cause to be served, upon any person whose behavior is brought into question under this paragraph, an order requiring such person to appear before a district judge upon a day certain to show cause why that person should not be adjudged in contempt by reason of the facts so certified. The district judge shall thereupon hear the evidence as to the act or conduct complained of and, if it is such as to warrant punishment, punish such person in the same manner and to the same extent as for a contempt committed before a district judge.

28 U.S.C. § 636(e)(6)(B)(iii); *see generally Erickson v. Builder Advisor Grp. LLC*, No. 22-mc-80094-TSH, 2022 WL 3109587, at *2–3 (N.D. Cal. July 6, 2022), *report and recommendation adopted*, No. 22-mc-80094-JST, 2022 WL 3109563 (N.D. Cal. Aug. 4, 2022).

**III.   DISCUSSION**

   **A.   Civil Contempt Findings**

Cadence has met its burden to show that the Court's May 27, 2025 order is a specific and definite order that required non-parties IAT and Mr. Wei to produce all non-privileged documents responsive to Cadence's documents subpoenas by June 17, 2025. While non-parties continue to complain that Cadence should have sought discovery instead from defendant Intelligent Automation (Zhuhai) Co., Ltd. ("IAZ"), *see* Dkt. No. 56 at 2-3, 12-13, they do not dispute that they collectively produced only two documents by June 17, 2025. Similarly, Cadence has met its burden to show that non-parties did not conduct an adequate search for responsive documents before the June 17, 2025 production deadline. *See* Dkt. No. 48 at 3-7; Dkt. No. 60 at 2-4. In particular, the record reflects that the only search either non-party conducted before June 17, 2025 was Mr. Wei's limited search of his own emails without the assistance of counsel; no

3

1 representative of either non-party searched any other data source before that date. Indeed, in
2 opposing Cadence's motion, non-parties rely heavily on searches Mr. Wei and others appear to
3 have conducted only *after* Mr. Wei's deposition on July 17, 2025. *See* Dkt. No. 56-1; Dkt. No.
4 56-2. Moreover, non-parties continued to produce documents in response to the subpoenas as
5 recently as October 2025. *See* Dkt. No. 69.

      The extent of IAT's and Mr. Wei's continued non-compliance with the Court's May 27, 2025 order is unclear. Non-parties argued at the hearing that they lack possession, custody, or control of many documents within the scope of Cadence's document subpoenas, but neither Cadence nor non-parties briefed this issue. It is non-parties' burden to show that they are unable to comply with the subpoenas because they lack possession, custody, or control of responsive documents, or that they have taken all reasonable steps to ensure that the responsive documents they do have were timely located and produced. The Court finds that they did not make either showing in their opposition to Cadence's motion.

Accordingly, the undersigned certifies the following facts:

1. Cadence has shown by clear and convincing evidence that IAT and Mr. Wei failed to comply with the portion of the Court's May 27, 2025 order that required IAT and Mr. Wei to produce all non-privileged documents responsive to Cadence's document subpoenas by June 17, 2025.
2. IAT has not shown that it took all reasonable steps within its power to ensure timely compliance with the Court's May 27, 2025 order, nor has it explained why it was unable to timely comply with the order.
3. Mr. Wei has not shown that he took all reasonable steps within his power to ensure timely compliance with the Court's May 27, 2025 order, nor has he explained why he was unable to timely comply with the order.

As these facts support a finding that both IAT and Mr. Wei have committed acts of civil contempt, the undersigned recommends that IAT and Mr. Wei be ordered to appear before the presiding judge, on a date and time to be determined by the presiding judge, to show cause why they should not be adjudged in contempt of the May 27, 2025 order by reason of the facts certified above.

### B. Civil Contempt Remedies

The Court next considers the appropriate remedy in the event non-parties IAT and Mr. Wei fail to demonstrate in response to a show cause order that they should not be held in civil contempt.

Ordinarily, the Court would recommend that IAT and Mr. Wei be given an opportunity to purge any finding of contempt by complying with the Court's May 27, 2025 order by a date certain. However, circumstances in this case have changed since the Court issued the order in question. First, on August 4, 2025, defendant IAZ appeared in the action. Dkt. No. 42. Second, on August 11, 2025, defendant IAZ filed a motion to set aside the default entered against it and requested an order affording it a "reasonable amount of time to file an Answer or otherwise respond to the Complaint." Dkt. No. 43 at 8. Third, in opposing Cadence's motion for certification of facts, IAT and Mr. Wei suggested that discovery of non-parties was "unnecessary" because IAZ had moved to set aside the default, after which the "focus of discovery" should be directed to IAZ as a party. *See* Dkt. No. 56 at 12. Third, in its reply in support of its motion to set aside the default filed on September 16, 2025, defendant IAZ represented that it was prepared to defend against Cadence's claims on the merits, stating:

> At this time, IAZ, despite having continued concerns regarding service of the complaint, has made itself available for litigation of the case. Lingering concerns remain as to the underlying fairness of rewarding a plaintiff that may not in fact have effectuated proper service by proceeding in such a manner, and IAZ respectfully leaves that question of appropriate incentives in the hands of the Court, but again, IAZ is prepared to proceed.

Dkt. No. 58 at 14-15. Finally, on October 16, 2025, the presiding judge granted defendant IAZ's motion to set aside the default based on IAZ's representation that it waived any challenge to the sufficiency of service of process under Rule 12(b)(5). Dkt. No. 72. In addition, the presiding judge ordered IAZ to respond to Cadence's complaint within 28 days. *Id.* Thus, at present, defendant IAZ will defend against Cadence's claims on the merits, and it appears there is no longer any need for most, if not all, of the discovery Cadence originally sought from non-parties IAT and Mr. Wei by subpoena. *See* Dkt. No. 70 at 7:13-10:17 (counsel describing the purpose of

Cadence's document requests). While these developments certainly do not excuse IAT's and Mr. Wei's failure to comply with the Court's May 27, 2025 order, they do bear on the question of an appropriate remedy. Specifically, the Court sees no need for an order requiring further production of responsive documents from IAT or Mr. Wei when documents and other discovery relating to the merits can now be obtained directly from IAZ, which is no longer in default.

As explained above, in addition to coercing compliance with a court order, civil contempt serves the purpose of compensating the moving party for losses sustained as a result of the alleged contemnor's non-compliance. Here, Cadence requests compensation for the attorneys' fees it incurred in following up with non-parties regarding their failure to comply with the May 27, 2025 order, attempting to resolve the dispute, and filing the motion for certification of facts. Dkt. No. 48 at 12. Cadence seeks an award of fees in the amount of $19,816.20. Dkt. No. 60 at 9. IAT and Mr. Wei object to the award of any compensatory sanction, but they do not contend that the amount of attorneys' fees Cadence seeks is unreasonable. Dkt. No. 70 at 46:1-19. In these circumstances, the Court is persuaded that, if the presiding judge concludes that IAT and Mr. Wei should be held in contempt, Cadence is entitled to a compensatory sanction in the amount of $19,816.20.

Accordingly, the undersigned recommends the presiding judge order as follows:

1. IAT and Mr. Wei are relieved of any obligation to further comply with Cadence's document subpoenas.
2. IAT and Mr. Wei are jointly and severally responsible for paying Cadence's attorneys' fees in the amount $19,816.20, and payment shall be made by a date certain, to be set by the presiding judge.

### IV.  CONCLUSION

Pursuant to 28 U.S.C. § 636(e)(6)(B)(iii), the undersigned certifies the facts above and finds non-parties IAT and Mr. Wei have committed an act constituting civil contempt. Accordingly, the undersigned recommends that the presiding judge order IAT and Mr. Wei to show cause why they should not be held in contempt for their failure to comply with the Court's May 27, 2025 order. Thereafter, if IAT and Mr. Wei fail to demonstrate in response to a show

cause order that they should not be held in civil contempt, the Court recommends that the presiding judge order them to compensate Cadence for its attorneys' fees in the amount $19,816.20.

**IT IS SO ORDERED.**

Dated: October 17, 2025

Virginia K. DeMarchi
United States Magistrate Judge