UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

CADENCE DESIGN SYSTEMS, INC.,

Plaintiff,

v.

INTELLIGENT AUTOMATION
(ZHUHAI) CO., LTD.,

Defendant.

Case No.  24-cv-07031-PCP

**ORDER DENYING NONPARTIES IAT AND XUEJIAN WEI'S MOTION FOR RELIEF; ORDER TO SHOW CAUSE**

Re: Dkt. No. 74

Nonparties Intelligent Automation Technology Inc. (IAT) and Xuejian Wei, an employee of IAT, move for relief from a nondispositive pretrial order issued by Magistrate Judge DeMarchi. Dkt. 74. After plaintiff Cadence Design Systems served document subpoenas on IAT and Wei, IAT moved to quash the subpoenas. Judge DeMarchi denied the motion and ordered production of responsive documents by June 17, 2025. Dkts. 23, 27, 38, 39, 56. On June 16, 2025, IAT and Wei provided written responses and produced only two documents, which were "high-level slide decks" responsive to one of Cadence's thirteen requests for production. Dkts. 39, 48. Cadence moved to hold IAT and Wei in contempt and for Judge DeMarchi to certify facts to this Court. Dkt. 48.

Under 28 U.S.C. § 636(e)(6)(B)(iii), a magistrate judge that finds a party in civil contempt shall certify the relevant facts to a district judge and serve any relevant persons with an order to show cause before that district court judge. The district judge must then hear evidence and, if warranted, "punish such person in the same manner and to the same extent as for a contempt committed before a district judge." *Id.* Pursuant to her authority under 28 U.S.C. § 636(e), Judge DeMarchi certified that IAT and Wei were in civil contempt of her prior order and recommended that this Court issue an order to show cause why IAT and Wei should not be held in contempt.

United States District Court
Northern District of California

Dkt. 73. Judge DeMarchi certified three facts to this Court:

1.  Cadence has shown by clear and convincing evidence that IAT and Mr. Wei failed to comply with the portion of the Court's May 27, 2025 order that required IAT and Mr. Wei to produce all non-privileged documents responsive to Cadence's document subpoenas by June 17, 2025.

2.  IAT has not shown that it took all reasonable steps within its power to ensure timely compliance with the Court's May 27, 2025 order, nor has it explained why it was unable to timely comply with the order.

3.  Mr. Wei has not shown that he took all reasonable steps within his power to ensure timely compliance with the Court's May 27, 2025 order, nor has he explained why he was unable to timely comply with the order.

Dkt. 73 at 4.

IAT and Wei now move for relief from Judge DeMarchi's order. Under Federal Rule of Civil Procedure 72(a), if a party has objections to a magistrate judge's order deciding a nondispositive matter, the "district judge in the case must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law." IAT and Wei argue that Judge DeMarchi's order should be set aside because it misstated the law and the factual record.

Judge DeMarchi's order certifying facts did not include a legal error nor a clear error with respect to her factual findings. Judge DeMarchi correctly applied the legal standard and burden-shifting framework for a civil contempt motion. IAT and Wei are incorrect that they did not have the burden to show that they could not comply with the subpoena because Judge DeMarchi was adjudicating a motion for contempt and not a motion to compel. She properly placed the burden on IAT and Wei to rebut Cadence's prima facie argument by showing "substantial compliance." *See Coleman v. Newsom*, 131 F.4th 948, 956 (9th Cir. 2025). Judge DeMarchi also did not commit clear error because she relied on Wei's declaration that he conducted a search of his emails without the assistance of counsel. *See* Dkt. 56-1, Wei Declaration ¶ 2. While counsel for IAT and Wei assert generally that they "assisted"

2

IAT and Wei with their searches, Motion for Relief at 4, Cadence's counsel declared specifically that counsel "was not personally involved in searching for documents responsive to Cadence's subpoenas" and "relied exclusively on Mr. Wei's searches of his own files." Dkt. 48-1, Papazian Declaration ¶ 14. Thus, Judge DeMarchi did not clearly err in concluding that IAT and Wei failed to comply with its previous order.

Therefore, the Court declines to vacate Judge DeMarchi's order and issues an order for IAT and Wei to show cause as to why they should not be sanctioned for civil contempt for the reasons identified in Judge DeMarchi's order. This Court will hear IAT and Wei's argument in response to this Court's order to show cause at 10:00 a.m. on Thursday, March 26, 2026. IAT and Wei may file their brief and any evidence in support of their position by no later than February 10, 2026. Cadence may file an opposition and any supporting evidence by no later than 14 days after the filing of IAT's brief. IAT and Wei may then file a reply by no later than 7 days after the filing of Cadence's brief.

**IT IS SO ORDERED.**

Dated: January 26, 2026

P. Casey Pitts
United States District Judge

United States District Court
Northern District of California

3