UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

|  |  |
|---|---|
| CADENCE DESIGN SYSTEMS, INC., <br><br> Plaintiff, <br><br> v. <br><br> INTELLIGENT AUTOMATION (ZHUHAI) CO., LTD., <br><br> Defendant. | Case No.  24-cv-07031-PCP   (VKD) <br><br> **ORDER RE MAY 15, 2026 DISCOVERY DISPUTE RE CADENCE'S DOCUMENT REQUESTS AND INSPECTION REQUESTS** <br><br> Re: Dkt. No. 129 |

Plaintiff Cadence Design Systems, Inc. ("Cadence") and defendant Intelligent Automation (Zhuhai) Co., Ltd. ("CYGIA") ask the Court to resolve several disputes regarding Cadence's document requests and inspection requests.  Dkt. No. 129.  These disputes may be resolved without oral argument.  Civil L.R. 7-1(b).

## 1.    Deadline for substantial completion of CYGIA's document production

The parties' principal disagreement concerns the date by which CYGIA will substantially complete its production of documents responsive to Cadence's RFPs 1-26, which were served in November 2025.  Dkt. No. 129 at 2, 4.  The Court is disappointed the parties could not resolve this dispute without assistance, and it appears that it may now be moot.  *See id.* at 4 (CYGIA stating it "expects to provide the bulk of responsive documents by the end of May . . .").  For the avoidance of doubt, the Court orders CYGIA to substantially complete its production of documents responsive to at least RFPs 1-20[1] and 23-26 **no later than June 22, 2026**.

---

[1] For RFPs 1, 3, and 19, CYGIA shall produce documents responsive to the scope of each such request to which the parties have agreed, as reflected in their joint submission.  *See* Dkt. No. 129 at 4-5 (CYGIA describing proposed scope of production); *id.* at 2 (Cadence stating it "has already agreed to the limitations on RFP Nos. 1, 3, and 19 expressed below by CYGIA.").

If CYGIA withholds any documents responsive to these document requests on grounds of privilege or any other applicable protection, it shall serve a privilege log that complies with Rule 26(b)(5) by **June 30, 2026**.

### 2.    RFPs 21 and 22

Separately, the parties disagree about the appropriate scope of CYGIA's production of documents responsive to Cadence's RFPs 21 and 22.

### a.    RFP 21

RFP 21, as narrowed by Cadence, asks CYGIA to produce documents sufficient to show the computers CYGIA provided to its employees or other agents from January 1, 2017 to the present.  Dkt. No. 129-1 at 3; Dkt. No. 129 at 3.  CYGIA indicates that it is prepared to provide "information" regarding the computers identified in Exhibit 26 to Cadence's complaint, which Cadence describes as "a list of detected computers (including computer hostnames, MAC addresses, and domains) that have used Cadence Software without a valid license."  Dkt. No. 129 at 5; Dkt. No. 1 ¶ 66, Ex. 26.  However, CYGIA objects to providing "information" about every computer provided to CYGIA's employees since January 1, 2017, and instead proposes that its obligation should be limited "by the statute of limitations date."  Dkt. No. 129 at 5.

The Court understands that Cadence presently requests only documents sufficient to show which computers were provisioned to or used by CYGIA employees, and no longer seeks other information, such as "[a]ll logs, ledgers, reports, or other documents" recording the details of those computers, as originally demanded in RFP 21.  *See id.* at 3.  CYGIA proposes to produce responsive documents for the period of time defined by the statute of limitations, although it does not state what that period is.  *Id.* at 5.  Cadence argues that assuming the "statutory period [is] sometime in 2020," it requires information regarding computers provisioned to CYGIA employees before that date because the computers "would presumably still be *used* in 2020."  *Id.* at 3.

The Court resolves this dispute as follows:  CYGIA shall produce documents sufficient to show the computers CYGIA provided to its employees or other agents, or that were in use by its employees or other agents, at any point during the period of time from January 1, 2020 to the present.  Documents responsive to this request shall be produced by **June 22, 2026**, unless the

United States District Court<br>Northern District of California

United States District Court
Northern District of California

parties stipulate to a different date.

### b.    RFP 22

RFP 22 asks CYGIA to produce "[a] copy of all electronic and mechanical design files created using Cadence Software related to any goods sold or services provided from January 1, 2020 to present, including but not limited to electronic schematics, circuit layouts, manufacturing files, fabrication drawings, assembly drawings, board layer files, Gerber files, drill files, circuit simulation files, or any files with the following extensions .ALG, .ART, .BRD, .DRL, .DSN, .GBR, .LIB, .JRL, .MAX, .OLB, or .SCH." Dkt. No. 129-1 at 4. Cadence argues that these design files are relevant to show how CYGIA and its agents used Cadence's software, including to design, test, and build CYGIA's products. Dkt. No. 129 at 3. Cadence explains that RFP 22 extends to design files used not only by CYGIA, but also by its third-party vendors, in view of Cadence's claim that CYGIA is vicariously liable for the copyright infringement of such third parties. *Id.* CYGIA objects to producing design files created by third-parties on the ground that such discovery is not relevant or proportional to the needs of the case, given that Cadence has not alleged that any particular third-party vendor used unlicensed copies of Cadence's software to create design files. *Id.* at 5. CYGIA also argues that such production would be unduly burdensome, *id.,* although it does not explain why this is so.

The Court has reviewed the operative complaint and has identified no allegations of unlicensed use of Cadence's software by third-party vendors. *See* Dkt. No. 1. Apart from a single conclusory allegation of vicarious infringement (*id.* ¶ 85), the complaint's allegations are limited to unlicensed use of the software by CYGIA and its agents or companies associated with it. *See id.* ¶¶ 66-79, 84, 86. In these circumstances, the Court agrees with CYGIA that to the extent RFP 22 demands production of copies of all design files created by all third-party vendors using Cadence software, whether licensed or not, that request seeks discovery that is not relevant or proportional to the needs of the case.

Accordingly, CYGIA shall produce documents responsive to RFP 22, but it may limit its production to files created by CYGIA and its agents and by companies associated with CYGIA (as described in the complaint). Documents responsive to this request shall be produced by **June 22,**

3

**2026**, unless the parties stipulate to a different date.

### 3.    Requests for inspection

Cadence has served three requests for inspection of computers in CYGIA's possession, custody, or control.  Dkt. No. 129-3.  Cadence asked that the computers be produced for inspection in California.  *Id.* at 3; Dkt. No. 129 at 3.  CYGIA does not object to Cadence's inspection of these computers, but it does object to shipping the computers to California, principally on the grounds that to do so would violate Chinese law.  Dkt. No. 129 at 6.

This dispute is not well-developed and is not adequately presented to the Court.  The parties are ordered to confer further regarding Cadence's requests for inspection by **June 12, 2026**. If they cannot reach an agreement, they shall file a joint discovery dispute letter limited to this issue by **June 30, 2026.**

**IT IS SO ORDERED.**

Dated: June 5, 2026

Virginia K. DeMarchi
United States Magistrate Judge

United States District Court
Northern District of California