UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| CADENCE DESIGN SYSTEMS, INC., <br><br> Plaintiff, <br><br> v. <br><br> INTELLIGENT AUTOMATION (ZHUHAI) CO., LTD., <br><br> Defendant. | Case No.  24-cv-07031-PCP  (VKD) <br><br> **ORDER RE MAY 15, 2026 DISCOVERY DISPUTE RE CADENCE'S INTERROGATORIES** <br><br> Re: Dkt. No. 130 |

Plaintiff Cadence Design Systems, Inc. ("Cadence") and defendant Intelligent Automation (Zhuhai) Co., Ltd. ("CYGIA") ask the Court to resolve their dispute regarding Cadence's interrogatories.  Dkt. No. 130.  This dispute may be resolved without oral argument.  Civil L.R. 7-1(b).

Cadence argues that CYGIA should answer Cadence's Interrogatories 1-6 and 10, which call for the following information:

1. Identification of all "CYGIA Computers" that have ever contained "Cadence Software"; the "facts and circumstances surrounding the installation" of the Cadence Software installed on each such computer; and identification of all persons who have used each such computer (Interrogatories 1-3);

2. The public IP addresses used by CYGIA "and any past or present officer, director, employee, attorney, agent, consultant, parent, subsidiary, division, affiliate, joint venture, partnership, or other related entity" in any of those persons' or entities' "offices, worksites, or other business locations"; detailed information about each WiFi network used in any of those persons' or entities' offices, worksites, or other

United States District Court
Northern District of California

business locations; and a detailed description of the assignment or allocation of local IP addresses among any of those persons' or entities' "teams, business divisions, or other groups," from January 1, 2020 to the present (Interrogatories 4-6); and

3.   All EDA software used by CYGIA "and any past or present officer, director, employee, attorney, agent, consultant, parent, subsidiary, division, affiliate, joint venture, partnership, or other related entity" since January 1, 2020 (Interrogatory 10).

Dkt. No. 130 at 1; Dkt. No. 130-1 at 1-3.[1]  Among numerous other objections, CYGIA objects to providing information about computers it does not "own" (Interrogatories 1-3), about public and local IP addresses and WiFi networks it does not "operate" or for offices it does not "operate" (Interrogatories 4-6), and about EDA software licensed or used by anyone other than CYGIA itself (Interrogatory 10).  Dkt. No. 130 at 5-6.  CYGIA claims that submission of this dispute to the Court is premature because the parties are still discussing the issues presented.  *Id.* at 4, 6.

It is not clear from the joint discovery dispute letter whether Cadence contends CYGIA should be required to provide *all* of the information that is literally within the scope of these interrogatories.  However, the principal dispute appears to be whether CYGIA may limit its responses to information regarding its own computers, offices, networks, addresses, employees, consultants, contractors, etc. or whether its obligation extends to information known to its subsidiaries, affiliates, partners, and agents.

Rule 33 provides that an interrogatory may ask for any information within the scope of permissible discovery, as described in Rule 26(b).  Fed. R. Civ. P. 33(a)(2).  In responding to such an interrogatory, a party must provide information "available to the party."  Fed. R. Civ. P. 33(b)(1)(B).  District courts have long interpreted this obligation as requiring a party to disclose information from sources within the party's control.  *See*, *e.g.*, *In re NCAA Student-Athlete Name & Likeness Litig.*, No. 09-cv-01967 CW (NC), 2012 WL 161240, at *5 (N.D. Cal. Jan. 17, 2012); *In re ATM Fee Antitrust Litig.*, 233 F.R.D. 542, 545 (N.D. Cal. 2005); *Brunswick Corp. v. Suzuki*

---

[1] Cadence's interrogatories use several defined terms, including "You" or "Your," "CYGIA Computer," and "Cadence Software."  The Court relies on these definitions in summarizing the information called for by the disputed interrogatories.

*Motor Co.*, 96 F.R.D. 684, 686 (E.D. Wis. 1983); *Greenbie v. Noble*, 18 F.R.D. 414, 415 (S.D.N.Y. 1955). Where the party is a corporation, its obligation to provide responsive information ordinarily extends to information in the possession of its subsidiaries, officers, employees, and agents. *See Clear View W., LLC v. Steinberg, Hall & Assocs., Inc.*, No. 23-cv-04774-SI, 2024 WL 4369663, at *1 (N.D. Cal. Oct. 1, 2024); *Abante Rooter & Plumbing, Inc. v. Total Merch. Servs., LLC,* No. 19-cv-05711 EMC (TSH), 2020 WL 4036386, at *1-2 (N.D. Cal. July 17, 2020); *In re ATM Fee Antitrust Litig.*, 233 F.R.D. at 545. CYGIA cites no authority to the contrary. To the extent CYGIA is withholding information from these sources, it must supplement its interrogatory answers to provide the ordinarily available information from its subsidiaries, employees, and agents, and any other source within its control. CYGIA may not rely on the concept of "ownership," or the fact that it is a distinct corporate entity, to limit its discovery responses. If this order does not resolve the parties' dispute on this point, in any further submission, it will be CYGIA's burden to demonstrate that information from a particular source (or category of sources) is not available to it.

CYGIA must serve supplemental responses to Interrogatories 1-6 and 10 no later than **June 30, 2026**, unless the parties stipulate to a different date.

**IT IS SO ORDERED.**

Dated: June 12, 2026

Virginia K. DeMarchi
United States Magistrate Judge

United States District Court
Northern District of California

3