UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

CADENCE DESIGN SYSTEMS, INC.,

Plaintiff,

v.

INTELLIGENT AUTOMATION (ZHUHAI) CO., LTD.,

Defendant.

Case No.  24-cv-07031-PCP

**ORDER GRANTING CIVIL SANCTIONS**

On January 26, 2026, the Court issued an order to show cause why nonparties Intelligent Automation Technology Inc. (IAT) and Xuejian Wei, an IAT employee, should not be sanctioned for civil contempt for the reasons identified in Magistrate Judge Virginia DeMarchi's nondispositive pretrial order certifying facts to this Court. Dkt. Nos. 73, 104. After reviewing the parties' briefing on the order to show cause, Cadence's request for civil sanctions is granted.

In their briefing, IAT and Wei challenge neither the legal nor factual bases for Judge DeMarchi's order. Instead, IAT and Wei merely argue that contempt is inappropriate because they have offered to pay the sanctions Judge DeMarchi levied as well as the costs Cadence incurred in litigating the motion for relief from Judge DeMarchi's order. IAT and Wei also argue that sanctions are unnecessary to coerce compliance with the relevant subpoenas given defendant CYGIA's appearance in this action.

Sanctions are nonetheless appropriate and warranted here. Even if the coercive purpose of sanctions has become less pressing, civil contempt and sanctions still serve a compensatory purpose by providing redress to those harmed by the conduct at issue. Because IAT and Wei sought relief from Judge DeMarchi's order, IAT and Wei cannot reasonably contend that Cadence unnecessarily incurred fees in litigating IAT and Wei's motion. Cadence's request for $37,271.80

in fees—$19,816.20 incurred in litigating IAT and Wei's compliance with Cadence's discovery requests, $7,455.60 incurred in briefing the motion for contempt before Judge DeMarchi, and $10,000 incurred in briefing the instant order to show cause—is reasonable and therefore granted. Dkt. No. 113-1, Papazian Decl., ¶ 19.

Cadence also moves the Court to consider whether its opposition brief should be sealed in part because it cites transcripts of the deposition of Xuejian Wei. Dkt. No. 112. IAT and Wei do not contend that those portions of the deposition must be filed under seal. Dkt. No. 116. Accordingly, Cadence's sealing motion is denied, and Cadence is ordered to file an unredacted version of its opposition brief on the public docket within 7 days of this order.

**IT IS SO ORDERED.**

Dated: June 15, 2026

P. Casey Pitts
United States District Judge

United States District Court
Northern District of California

2