UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

CADENCE DESIGN SYSTEMS, INC.,

Plaintiff,

v.

INTELLIGENT AUTOMATION (ZHUHAI) CO., LTD.,

Defendant.

Case No. 24-cv-07031-PCP (VKD)

**ORDER RE JULY 22, 2026 DISCOVERY DISPUTE RE INSPECTION OF CYGIA COMPUTERS**

Re: Dkt. No. 140

Plaintiff Cadence Design Systems, Inc. ("Cadence") and defendant Intelligent Automation (Zhuhai) Co., Ltd. ("CYGIA") ask the Court to resolve a dispute regarding Cadence's requests for inspection of CYGIA computers. Dkt. No. 140. This dispute is suitable for resolution without oral argument. *See* Civil L.R. 7-1(b).

The parties initially presented this dispute in a letter filed on May 15, 2026 (Dkt. No. 129), which the Court summarized as follows:

> Cadence has served three requests for inspection of computers in CYGIA's possession, custody, or control. Cadence asked that the computers be produced for inspection in California. CYGIA does not object to Cadence's inspection of these computers, but it does object to shipping the computers to California, principally on the grounds that to do so would violate Chinese law.

Dkt. No. 131 at 4 (citations omitted). Finding the parties had not adequately presented the dispute, the Court ordered the parties to confer further and, if they failed to reach agreement, to file a discovery dispute letter on this issue. *Id.* Now, the parties report that, after exchanging proposals, they have failed to reach agreement, and they ask the Court to adopt their respective proposals for resolution of their dispute. Dkt. No. 140.

United States District Court
Northern District of California

United States District Court
Northern District of California

Since this dispute was first presented in May 2026, the parties appear to have taken a few steps forward, a few steps backward, and a few steps sideways. CYGIA suggests that there is still an opportunity for an agreed resolution. That may be so, and the parties are free to stipulate to an inspection protocol of their choosing. In the meantime, the Court will resolve the dispute as presented.

From the outset, CYGIA's principal objection to Cadence's request for inspection was that Chinese law did not permit the movement of the computers at issue to California. *See* Dkt. No. 129 at 6. As Cadence correctly observes, CYGIA has not substantiated this objection, and it now cites only unspecified "practical difficulties" that may prevent movement of some or all of the computers at issue out of China. *See* Dkt. No. 140 at 2, 6. Given the lack of support for CYGIA's objection to the proposed location of inspection, the Court will adopt the location provisions of Cadence's proposed protocol. Alternatively, if the parties discover that practical considerations make transport of the computers to California difficult, they may wish to stipulate instead to inspection in Hong Kong.

To the extent CYGIA suggests that physical inspection of the computers at issue is no longer needed because CYGIA has already prepared forensic images of all such computers, the Court agrees with Cadence that its expert should be permitted to test the completeness and accuracy of CYGIA's forensic images by examining a subset of the computers at issue.

With respect to CYGIA's other objections, the Court finds that Cadence's proposed protocol adequately addresses CYGIA's concerns regarding privacy, privilege, and third-party designs.

The Court will enter a separate order setting out the protocol the parties must follow, unless they stipulate otherwise.

**IT IS SO ORDERED.**

Dated: July 28, 2026

Virginia K. DeMarchi
United States Magistrate Judge